**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00324-CV**
_____

**IN RE LONNIE KADE WELSH**

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 15-01-00659-CV**

**MEMORANDUM OPINION**

Lonnie Kade Welsh, who is civilly committed to treatment as a sexually violent predator, filed a petition for mandamus seeking relief from an order dated June 13, 2023, signed by the acting local administrative judge of Montgomery County, Texas.[1] In the June 2023 order, the acting administrative judge denied Welsh's request to file a writ of mandamus, which argued that the visiting judge

_____

[1]Welsh was found to be a sexually violent predator following a trial before a jury in a civil commitment proceeding in October 2015. *See In re Welsh*, No. 09-15-00498-CV, 2016 Tex. App. LEXIS 9325, at *1 (Tex. App.—Beaumont Aug. 25, 2016, pet. denied) (mem. op.).

1

assigned to preside over the 435th District Court had abused his discretion when he denied Welsh's request to conduct a hearing on his request to determine whether he was entitled to be released from the conditions of his civil commitment, a petition we have determined amounted to an unauthorized petition for release under section 841.123 of the Texas Health and Safety Code.[2]

The record shows that Welsh is a vexatious litigant and for that reason is subject to a prefiling order, an order that prohibits him from proceeding in this Court pro se on the petition that he filed in this Court without obtaining the permission of the appropriate local administrative judge.[3] At issue here is the ruling of the acting local administrative judge denying Welsh's request to file a petition for mandamus, the petition he filed challenging the ruling of the visiting judge assigned to the 435th District Court on his unauthorized petition for release. In the petition for unauthorized release, Welsh claimed he was entitled to an evidentiary hearing to determine whether his behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence.[4] Because Welsh hasn't shown he is entitled to the relief he seeks, we deny his petition.[5]

---

[2]*See* Tex. Civ. Prac. & Rem. Code Ann. § 841.123(b) (requiring the trial court to review and issue a ruling on a sexually violent predator's unauthorized petition for release). Welsh claimed he was instituting the biennial review process when he filed his petition, but we disagree.

[3]*Id.* § 11.101(a).

[4]*See id.* § 841.123(c)(1).

[5]*See* Tex. R. App. P. 52.8(a).

Before explaining why we have concluded that Welsh's petition lacks merit, we address why we haven't simply dismissed his petition because Welsh didn't file it "not later than the 30th day after the date" the acting administrative judge denied Welsh's petition for mandamus, as required by the rules that apply to vexatious litigants.[6] On June 13, 2023, the acting administrative judge denied Welsh's petition for mandamus. Welsh didn't file his petition for mandamus in the Court of Appeals complaining about the administrative judge's ruling until October 13, 2023. According to Welsh, an official's mistake—that the court's clerk sent the order denying his petition for mandamus to his former attorney by mail instead of sending it to him—justifies tolling this statutory thirty-day period. Welsh argues he should be excused from complying with this thirty-day filing period because he didn't receive the local administrative judge's order by mail.

The record shows that within 90 days of June 13, Welsh notified the trial court that he had not received the June 13 order. Yet in his petition, Welsh has never stated when he learned that the trial court signed the June 13 order. The record also doesn't show that Welsh ever asked the trial court to determine the date on which he acquired actual notice of when the trial court signed the June 13 order.[7] Thus, the information

---

[6]*See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102(f).
[7]*See* Tex. R. App. P. 4.2.

Welsh included in his petition is insufficient to show that the statutory thirty-day filing period should be tolled.

But if the thirty-day period were to be tolled, Welsh could still not meet his burden to establish that the local administrative judge abused its discretion in denying his petition for mandamus. That's because contrary to Welsh's argument, the health professional that Welsh relied on to support his unauthorized petition for release doesn't create a fact issue on whether Welsh is no longer likely to commit a predatory act of sexual violence.

In the petition for mandamus Welsh filed in this Court, he argues the acting local administrative judge abused his discretion by denying him leave to file a petition for mandamus because his petition, had the petition been granted, would have required the local administrative judge to grant Welsh, a vexatious litigant, permission to file a petition that allowed Welsh to challenge the ruling the local administrative judge made on the merits of his unauthorized petition for release on June 13th. According to Welsh, he initiated the biennial review process by filing an expert report which he obtained from a nurse practitioner, a report that Welsh argues created a fact issue about whether he is no longer likely to commit a predatory act of sexual violence.[8] That report, Welsh argues, triggered the trial court's duty to

---

[8]We disagree with Welsh that his petition triggered the biennial review process under section 841.102 of the Health and Safety Code. Tex. Health & Safety Code Ann. § 841.102. That process is based on a biennial examination of the

4

conduct a hearing so that a jury could decide whether Welsh is no longer likely to commit a predatory act of sexual violence. Welsh contends that when the local administrative judge's clerk failed to notify him of the local administrative judge's ruling denying his request for permission to file a petition for mandamus, the judge deprived him of his constitutional right to a jury trial, a right guaranteed to all citizens by Article V, § 10 of the Texas Constitution.

We disagree with Welsh that the local administrative judge abused his discretion by denying Welsh permission to file a petition for mandamus. As further explained below, the local administrative judge could have reasonably found that the trial court when ruling on Welsh's unauthorized petition for release didn't abuse its discretion by concluding that the nurse practitioner's report Welsh filed with his unauthorized petition for release failed to raise an issue of material fact as to whether Welsh is no longer likely to engage in a predatory act of sexual violence.

The report Welsh attached to both his unauthorized petition for release and his petition for mandamus was prepared by a psychiatric nurse practitioner, whom Welsh retained. The report doesn't provide any specifics about the nurse practitioner's forensic training or experience. Yet the report does state that the nurse practitioner graduated with PMHNP and CNS-P degrees in 2005. The report notes

---

sexually violent predator by an expert under contract with the Texas Civil Commitment Office. *Id*. § 841.101(a).

that Welsh was seen for a biennial examination on August 24, 2022, but the report doesn't mention who saw Welsh for that exam. The nurse practitioner's report states that Welsh was found to be a sexually violent predator, and the report notes that Welsh was civilly committed in October 2015. The nurse practitioner states she reviewed Welsh's current polygraph and a current penile plethysmograph. The report then states that the nurse practitioner weighed Welsh's risk and protective factors. As to the nurse practitioner's observations, the nurse practitioner's report states:

> His thoughts were linear, organized and coherent regarding past criminal activities and current state of mind. He claims to be following regulations put forth. No auditory hallucinations, visual hallucinations or delusions present. He was alert and oriented to person, place, time and situation. Mr. Welsh has a good family support system and appears genuine in his desire to acclimate into society as a functional individual. He states he would like to contribute to helping others through his own experience. He has a good fund of knowledge and good vocabulary. Although Antisocial traits were clearly present, maturity has changed some of these personality issues. Mr. Welsh is not deemed a danger to himself or others at this time. Antisocial and Narcissistic personality issues remain. Overall, he was cooperative, pleasant and answered questions directly, and appeared to be honest.

The entire analysis the nurse practitioner included in her report states:

> Mr. Welsh was considered having a behavior abnormality (a legal term, not a medical term) but in my professional opinion, at this point in time I can say with a reasonable degree of scientific certainty that the examinee's probability to commit a sexually violent offense has decreased. He does not meet the legal standard of having a behavior abnormality any longer.

6

The report fails to mention whether the nurse practitioner had or considered Welsh's previous evaluations and examinations, supervision and treatment progress reports, personal history, criminal history, sex offense history, previous risk assessments, his progress (or lack thereof) in his civil commitment tiers, or his DSM-V diagnoses. Even though the report mentions Welsh has antisocial and narcissistic personality issues and states that Welsh's "maturity" has changed some of the personality issues, the report doesn't state what the issues are or how they have changed. The report is silent about the methodology the nurse practitioner used and doesn't explain whether the methodology that she used is generally accepted or relied upon by others with expertise in diagnosing the risk of whether a person's behavioral abnormality has changed to the extent that the individual is no longer likely to engage in a predatory act of sexual violence.

When an expert's opinion is conclusory, the opinion is considered no evidence.[9] A conclusory opinion "asserts a conclusion with no basis[,]" offers a "basis that provides no support for the opinion[,]" or offers only [the expert's] word that the bases offered to support the opinion actually exist or support [the] opinion."[10] Under the Texas Rules of Evidence, an expert's opinion must be based

---

[9]*Schindler Elevator Corp. v. Ceasar*, 670 S.W.3d 577, 585 (Tex. 2023) (cleaned up).
[10]*Id*.

on sufficient "underlying facts or data."[11] "An expert's opinion is inadmissible if the underlying facts or data do not provide a sufficient basis for the opinion."[12]

The nurse practitioner's report filed with Welsh's unauthorized petition for release contains nothing more than a conclusory opinion given the information that the report's author included in the report. In our opinion, a judge evaluating the report could reasonably conclude the opinions in the report aren't based on sufficient underlying facts and data to be admissible under Texas law. Stated another way, missing facts and data in the report include but are not necessarily limited to information about Welsh's previous evaluations and examinations, criminal history, sex offense history, prior risk assessments, and his DSM-V diagnoses. Importantly, the report Welsh relied on doesn't explain how the nurse practitioner reached her conclusions, and the report doesn't include an explanation of the methodology that she used. As a result, judges evaluating the report—the visiting judge of the 435th District Court in considering the unauthorized petition for release, and the acting local administrative judge in ruling on Welsh's petition for mandamus—could have reasonably concluded the report inadmissible and chosen to give it no weight by deciding that Welsh failed to meet his burden of proof. *See* Tex. R. Evid. 705(c).

---

[11]Tex. R. Evid. 705(c).
[12]*Id.*

In the original proceeding Welsh filed here, even were we to assume that less than 30 days lapsed from the date he received notice of the trial court's June 13 order—making the petition he filed at least arguably timely—Welsh has not shown the trial court abused its discretion by finding that his behavioral abnormality has not changed.[13] That's because the only evidence Welsh points to as showing his behavioral abnormality has changed is the report of the nurse practitioner, which he retained and then attached to his unauthorized petition for release. For the reasons we explained above, the trial court wasn't required to give any weight to the report since it lacks the underlying facts and data to make the opinions the nurse practitioner expressed admissible under Rule 705(c).[14]

Consequently, even if the court's clerk failed to timely notify Welsh of the June 13th ruling on his petition for mandamus, Welsh hasn't established how compelling the local administrative judge who signed the order denying Welsh's request to compel the visiting judge of the 435th District Court to set a jury trial on his petition for unauthorized release resulted in any harm when the evidence Welsh used to support his unauthorized petition for release and his petition for mandamus

---

[13]Tex. Health & Safety Code Ann. § 841.123(c)(1). We note that Welsh titled his petition "Biennial Review Texas Health and Safety Code 841.145 For Further Proceedings Under Texas Health and Safety Code 841.201." However, the petition was unauthorized and as such is an unauthorized petition for release under section 841.123.

[14]Tex. R. Evid. 705(c).

9

hinges on a report containing an opinion that due to a lack of foundational data isn't admissible.[15]

After reviewing the mandamus petition and appendix, we conclude the relator has failed to show that he is entitled to the relief he seeks. Accordingly, we deny the petition.[16]

PETITION DENIED.

PER CURIAM

Submitted on December 13, 2023
Opinion Delivered December 14, 2023

Before Horton, Johnson and Wright, JJ.

---

[15]Tex. R. App. P. 52.8(a).
[16]*Id.*